**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

**IN RE: SUSIE A MALLORY**              Case No. 05-31498-DOT
**MILTON MALLORY**                      Chapter 13
          Debtors

**W. CLARKSON McDOW, JR.**
**UNITED STATES TRUSTEE**
          Plaintiff

v.                                      Adversary Proceeding No. **07-03158-DOT**

**RICHARD JAMES OULTON**
          Defendant

**MEMORANDUM OPINION AND ORDER**
**(NOT FOR PUBLICATION)**

Trial was held December 16, 2008, on the United States Trustee's complaint to impose sanctions and for other remedies against defendant Richard James Oulton. The basis for the complaint was that during his representation of the debtors in this case the defendant filed a motion to sell debtors' real property to an individual who was his son and also employed by defendant as a paralegal. At the conclusion of trial the court ruled from the bench that Mr. Oulton had a clear conflict of interest in filing the motion to sell. This opinion supplements the court's oral bench ruling.

Summary of Facts.

The defendant, an attorney who represents consumer debtors filing bankruptcy, has represented the debtors in this case, which began with the filing of a chapter 7 petition on February 18, 2005. At the § 341 meeting of creditors, the chapter 7 trustee, Bruce Matson, noted that debtors' residential real estate had potential equity value over the balance on the deed of

trust encumbering the property. The trustee indicated he would pursue a sale of the realty. As a result of the trustee's stated intention to sell their property, on March 23, 2005, debtors moved to convert their case to chapter 13. An order granting that motion was entered April 4, 2005. During the course of the chapter 13 case, debtors fell behind in the deed of trust payments, and on December 1, 2006, the court entered a consent order that conditionally modified the automatic stay. However, the debtors were unable to continue making all deed of trust payments required under the conditional order. They therefore sought to refinance or sell the property. Although the court granted debtors' motion to refinance, such a transaction did not materialize.

After debtors had received a tentative offer to sell the property for $60,000.00,[1] debtor Milton Mallory came to defendant's law office, where he discussed his property with defendant's son, John Oulton, a paralegal employed by defendant's law firm. Based on information received from Mr. Mallory, John Oulton explored the possibility of his purchasing the property. Mr. Mallory was agreeable to a price that would be sufficient to pay off the existing deed of trust. John Oulton agreed to purchase the property for a price of $67,000.00.

On January 23, 2007, defendant, as debtors' counsel, filed a motion to sell debtors' residential property to John Oulton for a price of $67,000.00. The notice did not reveal the relationship between defendant and the purchaser or the fact that the purchaser was an employee of the law firm. The office of U.S. Trustee filed an objection to the sale because of the relationship between defendant and the proposed purchaser of the property. At hearing held February 14, 2007, this court denied the motion for sale for the reason that defendant had a

---

[1] The balance due on the loan as of the filing of this adversary proceeding was approximately $60,000.00, and debtors' initial bankruptcy schedules listed the balance due as $59,973.00.

conflict of interest in the transaction. Shortly thereafter, the court granted the U.S. Trustee's request to reconvert debtors' case to chapter 7.

After the reconversion, Bruce Matson was again appointed chapter 7 trustee. He contacted a real estate broker who did a market analysis of the debtor's real property and concluded that the trustee could get at least $84,950.00 for the property. The trustee subsequently sold the property by sealed bid for a price of $114,000.00. The trustee's liquidation of the property enabled him to pay creditors one hundred percent of their claims plus interest and return funds to the debtors. Additional facts are stated below.

## United States Trustee's Complaint.

The trustee's complaint asked for the following relief:1) the imposition of sanctions against defendant, including monetary sanctions and suspension from practice before the bankruptcy court; 2) disgorgement of compensation received for representing debtors in the case; and 3) an accounting for all funds received or controlled by defendant during the course of debtors' bankruptcy case.

## Discussion and Conclusions.

At the outset it must be noted that the basic facts of this case as summarized above present an undoubted conflict of interest on the part of defendant and virtually required the U.S. Trustee to file this adversary proceeding. However, following an approximately three and one-half hour trial the court is persuaded that the circumstances were not as bad as they initially appeared. Indeed, this was acknowledged by the U.S. Trustee in his opening and closing statements at trial.

The U.S. Trustee presented just one witness, the chapter 7 trustee, who gave factual

evidence and also qualified as an expert in bankruptcy ethics matters. With respect to the ethical considerations, the trustee expressed the opinion that in proposing a sale of estate property to his son, defendant had a conflict that on the surface potentially implicated provisions of Title 18 of the U.S. Code.

Defendant called several witnesses at trial, including his own expert in Virginia legal ethics, a former Virginia State Bar Counsel. Defendant's testimony was that he was not involved in the purchase negotiations between his son and debtor Mallory. Neither was he to be given any interest in the property. When the purchase agreement was presented to him by his son, defendant initially questioned whether he should go forward with the motion to sell. He agreed to do so, but in his view he was simply presenting the transaction for the court's decision. Defendant's testimony was corroborated by debtor Mallory and John Oulton. Defendant also testified that he had intended to disclose his relationship to the purchaser in his notice to creditors of the proposed sale but inadvertently failed to do so. Under these circumstances, according to defendant's expert witness, defendant had no conflict of interest in the purchase transaction, and he committed no other violation of the Virginia Rules of Professional Responsibility.

In closing, the Assistant U.S. Trustee recognized the mitigating circumstances presented by defendant's evidence but argued that some sanction less severe than disbarment would be appropriate. While he was no longer asking for disgorgement of all fees, the Assistant U.S. Trustee did request that a monetary sanction be imposed and that defendant be required to take a remedial course in legal ethics.

The defendant's counsel in closing argued against the imposition of any sanctions in light

of all the circumstances. He acknowledged that requiring defendant to take legal ethics training might be appropriate.

Following closing argument, the court announced its finding that defendant's filing of the motion to sell was a clear and obvious conflict of interest. To a limited extent, defendant's expert witness might have been technically correct that in this case there was no conflict. However, this view is rebutted by the fact that it was necessary for the court to conduct a full half day trial to learn the circumstances. The rules of professional responsibility, particularly as they apply in bankruptcy cases, should be interpreted so as to avoid the necessity for this kind of inquiry. In short, a debtor's bankruptcy attorney as an officer of the court simply cannot request the court to approve transactions with the attorney's close relatives, at least without full and detailed disclosure of all circumstances that might obviate a conflict. Neither the court nor the trustee should have to spend time examining such transactions.

Moreover, defendant apparently made no reasonable effort to determine that the agreed price of $67,000.00 represented a fair value. He had an obligation to maximize the recovery to the bankruptcy estate, and a proposed sale to a close relative raised a serious issue as illustrated by subsequent events. Shortly after conversion of the case, the chapter 7 trustee was able to locate a broker who determined that the property should bring substantially more than the contract price for which defendant sought court approval.

The court concludes that the defendant attorney's conduct does not warrant suspension from practice or a monetary sanction. An appropriate sanction under all the circumstances is to require him to attend remedial ethics training. Accordingly,

IT IS ORDERED that defendant Richard James Oulton shall complete a total of ten hours

of ethics courses approved by the Virginia CLE within the twelve month period commencing upon the entry of this Order. He shall also provide the Office of United States Trustee with a copy of a certification of course completion as each course is taken. The clerk of this court is authorized to close this adversary proceeding.

Signed: January 6, 2009

                                      /s/ Douglas O. Tice Jr.
                                      DOUGLAS O. TICE JR.
                                      CHIEF JUDGE
                                      UNITED STATES BANKRUPTCY COURT

Copies to:

Robert B. Van Arsdale, Esquire
Office of the U.S. Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia 23219
*Assistant United States Trustee*

Gregory Allen Thomas, Esquire
C. Flippo Hicks, P.C.
P.O. Box 1300
Gloucester, Virginia 23061
*Co-Counsel for Defendant*

Linda D. Jennings, Esquire
The Oulton Law Firm, PLLC
P.O. Box 5158
Glen Allen, Virginia 23058
*Co-Counsel for Defendant*

Richard James Oulton, Esquire
The Oulton Law Firm, PLLC
P.O. Box 5158
Glen Allen, Virginia 23058
*Defendant*